Case 3:21-cv-00286   Document 16   Filed on 06/30/22 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
June 30, 2022
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | |
|---|---|
| GREGORIO ESTRADA, § § Plaintiff. § § VS. § § KILOLO KIJAKAZI, ACTING § COMMISSIONER OF THE SOCIAL § SECURITY ADMINISTRATION, § § Defendant. § | CIVIL ACTION NO. 3:21-cv-00286 |

## MEMORANDUM AND OPINION

Plaintiff Gregorio Estrada ("Estrada") seeks judicial review of an administrative decision denying his application for disability insurance benefits under Title II and Title XVI of the Social Security Act (the "Act"). *See* Dkt. 1. Before me are competing motions for summary judgment filed by Estrada and Defendant Kilolo Kijakazi, the Acting Commissioner of the Social Security Administration (the "Commissioner"). *See* Dkts. 12 and 13. After reviewing the briefing, the record, and the applicable law, Estrada's motion for summary judgment is **GRANTED**, and the Commissioner's motion for summary judgment is **DENIED**.

## BACKGROUND

Estrada filed an application for disability benefits under Title II and Title XVI of the Act in October 2019, alleging disability beginning on December 1, 2018. His application was denied and denied again upon reconsideration. Subsequently, an Administrative Law Judge ("ALJ") held a hearing and found that Estrada was not disabled. Estrada filed an appeal with the Appeals Council. The Appeals Council denied review, making the ALJ's decision final and ripe for judicial review.

## APPLICABLE LAW

The standard of judicial review for disability appeals is provided in 42 U.S.C. § 405(g). Courts reviewing the Commissioner's denial of social security disability

applications limit their analysis to (1) whether the Commissioner applied the proper legal standards, and (2) whether the Commissioner's factual findings are supported by substantial evidence. *See Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000). Addressing the evidentiary standard, the Fifth Circuit has explained:

> Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance. It is the role of the Commissioner, and not the courts, to resolve conflicts in the evidence. As a result, [a] court cannot reweigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision. A finding of no substantial evidence is warranted only where there is a conspicuous absence of credible choices or no contrary medical evidence.

*Ramirez v. Colvin*, 606 F. App'x 775, 777 (5th Cir. 2015) (cleaned up). Judicial review is limited to the reasons relied on as stated in the ALJ's decision, and *post hoc* rationalizations are not to be considered. *See SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947).

Under the Act, "a claimant is disabled only if she [or he] is incapable of engaging in any substantial gainful activity." *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992) (cleaned up). The ALJ uses a five-step approach to determine if a claimant is disabled:

> (1) whether the claimant is presently performing substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from performing any other substantial gainful activity.

*Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (quoting *Kneeland v. Berryhill*, 850 F.3d 749, 753 (5th Cir. 2017)).

The burden of proof lies with the claimant during the first four steps before shifting to the Commissioner at Step 5. *See id.* Between Steps 3 and 4, the ALJ

considers the claimant's residual functional capacity ("RFC"), which serves as an indicator of the claimant's capabilities given the physical and mental limitations detailed in the administrative record. *See Kneeland*, 850 F.3d at 754. The RFC also helps the ALJ "determine whether the claimant is able to do her past work or other available work." *Id*.

## THE ALJ'S DECISION

The ALJ found at Step 1 that Estrada "has not engaged in substantial gainful activity since March 12, 2019, the amended alleged onset date." Dkt. 7-3 at 13.

The ALJ found at Step 2 that Estrada suffered from "the following severe impairments: degenerative disc disease, obesity, diabetes, asthma, and Guillain-Barre syndrome with radiculopathy and history of inflammatory demyelinating polyneuropathy." *Id*. at 14.

At Step 3, the ALJ found that none of these impairments met any of the Social Security Administration's listed impairments.

Prior to consideration of Step 4, the ALJ determined Estrada's RFC as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant would be limited to the light level of exertion except never climb ladders, ropes, or scaffolds; occasionally climb ramps or stairs; occasionally balance, stoop, kneel, crouch, or crawl; ground level work only; and no exposure to dusts, fumes, gases, chemicals, noxious odors, or other pulmonary irritants.

*Id*. at 18.

At Step 4, the ALJ found that Estrada was "unable to perform any past relevant work." *Id*. at 20.

At Step 5, considering Estrada's age, education, work experience, RFC, and the testimony of the vocational expert, the ALJ concluded that Estrada was "capable of making a successful adjustment to other work that exists in significant numbers in the national economy." *Id*. at 21. Consequently, the ALJ determined that Estrada was not disabled.

## DISCUSSION

This social security appeal raises one issue: whether the ALJ improperly evaluated the medical opinion of Dr. Elizabeth Jaramillo ("Dr. Jaramillo"). For the reason explained below, I find that the ALJ erred.

Dr. Jaramillo treated Estrada for his impairments. In conjunction with Estrada's pursuit of disability benefits, Dr. Jaramillo submitted a medical opinion detailing Estrada's limitations. *See* Dkt. 7-11 at 78–80. Among other findings, Dr. Jaramillo opined that Estrada was able to walk for less than one block at a time, able to sit for up to five hours, able to stand/walk for up to three hours in an eight-hour day, able to lift less than 10 pounds frequently and up to 10 pounds occasionally, unable to work without an unscheduled break lasting at least 30 minutes after every 30 minutes of work, and unable to work more than four times per month due to his impairments or treatments. *See id.* According to the vocational expert, these limitations, if accepted, likely would have resulted in a determination that Estrada is disabled. *See* Dkt. 7-3 at 50 (testifying that the 30-minute breaks would equate to Estrada being off-task more than 15 percent of the time, which would preclude full-time work). However, the ALJ rejected Dr. Jaramillo's opinion. *See id.* at 20.

Estrada challenges the ALJ's rejection of Dr. Jaramillo's medical opinion, arguing that the ALJ failed to properly evaluate the medical opinion or provide adequate reasoning for rejecting the opinion. In other words, Estrada argues that the ALJ failed to comply with 20 C.F.R. § 404.1520c(b)(2)[1] because he did not sufficiently explain his decision to reject Dr. Jaramillo's medical opinion. I agree.

Since Estrada filed for benefits "on or after March 27, 2017," the ALJ was required to apply the new regulations. 20 C.F.R. §§ 404.1520c, 416.920c. With

---

[1] "[The ALJ] will explain how [he or she] considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in your determination or decision." 20 C.F.R. § 404.1520c(b)(2).

these new regulations, the Commissioner revised the standards and procedures for evaluating medical opinions and prior administrative medical findings, revoking the treating physician rule. As such, "ALJs are no longer required to give controlling weight to the opinions of treating physicians." *Pearson v. Comm'r of Soc. Sec.*, No. 1:20-CV-166-HSO-RPM, 2021 WL 3708047, at *4 (S.D. Miss. Aug. 11, 2021) (quotation omitted). Instead, the ALJ considers the persuasiveness of medical opinions from different medical sources. *See* 20 C.F.R. § 404.1520c(b)(2). In evaluating persuasiveness, the ALJ considers five factors: (i) supportability; (ii) consistency; (iii) the source's relationship with the patient; (iv) the source's specialty; and (v) "other factors that tend to support or contradict" the opinion. *Id.* § 404.1520c(c). The most important factors in evaluating persuasiveness are supportability and consistency. *See id.* § 404.1520c(b)(2).

With respect to "supportability," "the strength of a medical opinion increases as the relevance of the objective medical evidence and explanations presented by the medical source increase." *Vellone v. Saul*, No. 120CV00261RAKHP, 2021 WL 319354, at *6 (S.D.N.Y. Jan. 29, 2021) (citing 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1)). "As for consistency, the new rules provide that the greater the consistency between a particular medical source/opinion and the other evidence in the medical record, the stronger that medical opinion becomes." *Id.* (citing 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(3)). Simply put, "consistency" is "an all-encompassing inquiry focused on how well a medical source is supported, or not supported, by the entire record." *Id.*

At a minimum, an ALJ's persuasiveness explanation should "enable[] the court to undertake a meaningful review of whether his finding with regard to the particular medical opinion was supported by substantial evidence, and does not require the court to merely speculate about the reasons behind the ALJ's persuasiveness finding or lack thereof." *Cooley v. Comm'r of Soc. Sec.*, No. 2:20-

CV-46-RPM, 2021 WL 4221620, at *6 (S.D. Miss. Sept. 15, 2021) (cleaned up). "Stated differently, there must be a discernible logic bridge between the evidence and the ALJ's persuasiveness finding." *Pearson*, 2021 WL 3708047, at *5 (quotation omitted).

Here, the ALJ rejected Dr. Jaramillo's medical opinion by offering the most cursory explanation:

> [T]he opinion[] from Dr. Jaramillo [is] unpersuasive based on State agency consultants['] opinions, medical expert'[s] opinion, overall objective findings, improvement with treatment, and the record showing the claimant was independent in most daily activities.

Dkt. 7-3 at 20. This single sentence does not help me understand the ALJ's reasoning at all. Assuming I do the work of looking at each of the categories of evidence referenced by the ALJ, I will still have to guess how the ALJ viewed the component parts of each medical record in relation to Dr. Jaramillo's medical opinion. In other words, the ALJ references everything (essentially the entire administrative record) but explains nothing. This evaluation falls woefully short of providing me with enough detail to conduct a meaningful judicial review, absent improper speculation. *See, e.g.*, *Kneeland*, 850 F.3d at 761 ("cursory, boilerplate language about carefully considering the entire record does not constitute an explanation for rejecting a medical opinion").

The Commissioner attempts to sidestep this conclusion in her response, offering various explanations for how I should view the administrative record in conjunction with the ALJ's rejection of Dr. Jaramillo's medical opinion. Importantly, the Commissioner's response offers reasoning not explicitly articulated by the ALJ. Of course, I must decline to entertain those *post-hac* rationalizations. *See Chenery Corp.*, 332 U.S. at 196 ("[It is] a simple but fundamental rule of administrative law . . . . that a reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely on the grounds invoked by

6

the agency."); *Ceguerra v. Sec'y of Health and Hum. Servs.*, 933 F.2d 735, 738 (9th Cir. 1991) ("A reviewing court can evaluate an agency's decision only on the grounds articulated by the agency.").

I now turn to the issue of harmless error. "Harmless error exists when it is inconceivable that a different administrative conclusion would have been reached absent the error." *Bornette v. Barnhart*, 466 F. Supp. 2d 811, 816 (E.D. Tex. 2006). As explained above, the vocational expert opined that the existence of one limitation described by Dr. Jaramillo—which the ALJ ignored—may well have resulted in a determination of disability. Based on this fact, I conclude it is conceivable that the ALJ could make a different administrative decision upon further review. Accordingly, this case is remanded to the ALJ for further proceedings.

## CONCLUSION

For the reasons provided above, Estrada's motion for summary judgment (Dkt. 12) is **GRANTED**, and the Commissioner's motion for summary judgment (Dkt. 13) is **DENIED**.

SIGNED this 30th day of June 2022.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE